Johnson, J.
One of the issues was, whether certain payments made by Rankin to Guthrie in his life-time should be applied on the judgment on which the action was founded, or upon other debts due from Rankin to Guthrie.
Hannan’s testimony taken before the master was read,wherein he stated, that there was an agreement made in his presence, that these payments should first be applied to other claims due Guthrie. The court refused to allow Rankin to testify as to the conversation and agreement between him and Guthrie, in Hannan’s presence, concerning which Hannan had testified. The correctness of this depends on a construction of section 5242, Revised Statutes, which reads: “ A party shall not testify when the adverse party is . . . the executor or administrator . . of a deceased person, except . . . 3. If a party, or one having a direct interest, testify to transactions or conversations with another party, the latter may. testify as to the same transactions or conversations. 4. If a party offer evidence of conversations or admissions of the opposite party, the latter may testify concerning the same conversations or admissions.”
Before discussing the meaning of these provisions, it is proper we should notice a suggestion made by counsel for defendant in error. That suggestion is, that inasmuch as this .-evidence, which was taken before the master, was, by mutual ■consent, to be read on the trial, without any right reserved to contradict it, this was fairly a waiver of the right to impeach er contradict it. Such was not the effect of this agreement, as is manifest from the terms. It was merely a consent that each party might, instead of calling the witnesses into court again, read the testimony taken by the master, and also offer such additional testimony as he might choose. Neither party was bound to offer all the evidence before the master, or indeed any of it, and neither made the testimony read by the *441 other, his own, so as to estop" him from contradicting or impeaching it.
This brings us to the direct question, was Rankin a competent witness as to the conversations and transaction of December, 1869, between him and Guthrie testified to by Hannan ? Hannan, though administrator of Guthrie, was a competent witness to testify on his own behalf as administrator to facts which occurred prior to the death of Guthrie. Doughman v. Doughman, 21 Ohio St. 658. The fact that he was a party as administrator, did not destroy his competency as a witness under the general provisions of the statute. Had some one else been administrator, Hannan could have been called in behalf of the estate. His being administrator did not deprive the estate of his evidence. The fact that he is such administrator, prevented Rankin from being a witness in his own behalf, except in the cases stated in the eighth exception to this general exclusion.
The 1st exception is, where the facts occurred since the death of the intestate; the 2d is, where the intestate has contracted through an agent who testifies; the 3d is, where & party, or one having a direct interest, testifies to transactions or conversations with another party, the latter may testify to the same transactions or conversations; the 4th is, where conversations or admissions of the opposite party are put in evidence by the administrator, the other party may testify concerning the same; the 5th relates to transactions or admissions of a deceased partner or joint contractor, in an action against the survivor, and excludes them against the survivor, unless made in his presence; the 6th admits account-books of original entries in certain cases against an estate; the 7th allows the former testimony of a deceased party on the further trial of the same case, and admits the opposite party to testify to the same matters; and the 8th is the same, where a deceased party’s deposition has been used.
All of these exceptions to the general rule of exclusion, save, perhaps, the 6th, can be based upon the principle of mutuality of right. If the representative party relies on the transactions, conversations or admissions of the opposite party *442 and puts them in evidence against 'him, the object of these exceptions is to allow such party to be heard upon the same matters, otherwise he would be placed at a great disadvantage. As Hannan was the representative of Guthrie, Rankin could not testify in his own behalf unless within one or the other of the exceptions named. Hannan was a competent witness, to prove conversations, and transactions of Rankin with Guthrie, pertinent to the issue, as well as with others.
This made Rankin a competent witness as to the same transaction and conversations, under the third exception to section 5212 of the Revised Statutes.

Judgment reversed.